**STAR CAN OPENER CO. v. TURNER & SEYMOUR MFG. CO. et al.**

District Court, S. D. New York. October 19, 1929.

Stephen J. Cox, of New York City, for plaintiff.

Frederick S. Duncan, of New York City (Frederick S. Duncan and John H. Hilliard, both of New York City, of counsel), for defendants.

THACHER, District Judge. Judge Hough's Opinion in the Owen Dyneto Case, supra, clearly shows that Anderson's invention lay in the embodiment in a portable hand tool of a cutting mechanism, which in bench machines was old. To accomplish this it was necessary to embody in the new hand tool means which were novel for firmly holding the flange of the can between the cutting disk and the knurled advancing roller, while these elements performed in co-operation their old function of cutting the wall of the can so as to sever the top.

For this purpose Anderson disclosed in his first patent gripping handles pivotally connected scissors-wise, the advancing roller being positioned on the end of the upper, and the cutting disk on the end of the lower, lever. The can flange is grasped and firmly held under manual pressure between the advancing roller and the cutting disk while these parts perform their old function of cutting the top off the can. The second and later patent is an improvement upon the first. Instead of grasping the can flange between the advancing roller and the knife edge of the cutting disk, two rollers are provided between which the flange is firmly gripped while the cutting is done by a cutting edge concentric with and of larger diameter than the roller of which it is a part. The two rollers are brought into close juxtaposition, when the scissors-form members are grasped together, by providing a recess in the arm of the upper lever into which the cutting roller positioned on the lower lever may move as the scissors are closed.

Infringement depends upon appropriation of the substance of Anderson's invention by the use of the means he devised, or their mechanical equivalents. Anderson, being the first to conceive and disclose "pivotally connected handles" to grasp and to hold the flange between the cutting and the driving member, should not be deprived of the substance of his invention by limiting his claims to the "preferred" form of can opener described in his specifications. Winans v. Denmead, 15 How. 330, 343, 14 L. Ed. 717. The Circuit Court of Appeals accordingly held in the Owen Dyneto Case, supra, that infringement of the Anderson patents could not be avoided by arranging the "pivotally connected handles" so as to operate like a

nutcracker instead of scissors-wise, i. e., by a change from one form of lever to another. ▮ In defendant's can opener all the elements of claim 1 of the first patent are found in combination with slight changes in structural form. Two elements, it is true, are combined in one integral part, i. e., the arms by which the advancing roller is rotated are so positioned in pivotal connection with the handle upon which the cutting disk is mounted as to form one of a pair of "pivotally connected handles," by which manual pressure is applied to grasp the flange of the can between the advancing roller and the knife edge of the cutting disk and to press the cutting edge through the wall of the can. When this has been accomplished, further pressure serves to continue this grasp upon the flange of the can, and serves also to rotate the advancing roller, and thus to put into operation the cutting process which severs the top of the can. It may be that this duality of function in a single part provides a simpler and a better tool, but it does not avoid infringement. Lamson Co. v. G. & G. Atlas Systems, 14 F.(2d) 22, 23 (C. C. A. 2d); Rockwood v. Gen'l Fire Extinguisher Co., 8 F.(2d) 682, 688 (C. C. A. 2d); Barber v. Otis Motor Sales Co., 240 F. 723, 728 (C. C. A. 2d). Plainly the defendant has appropriated the entire substance of the invention covered by claim 1 of the first patent.

As to claim 2 of the first patent, there is in the defendant's device a peripheral shoulder on the cutting disk, but the clearance maintained between this shoulder and the knurled driving roller by the gears which drive these parts is such that the shoulder can have no effect in limiting the depth of the cut made by the cutting edge. The depth of this cut is positively controlled by the gears which maintain the knife and knurled roller in fixed relationship during their rotation. The claim is specific with reference to a shoulder on the cutting disk for limiting the depth of the cut. It may be that the gears can be regarded as equivalent means for performing this function, but the question need not be determined because the defendant's article clearly infringes claim 1.

Under the decision in the Owen Dyneto Case, the invention of the second patent lies in the means employed for more securely gripping the flange of the can between the driving and the idling rollers. Defendant's construction does not embody this concept. The clearance between the rollers held apart by the gears prevents the rollers from functioning as a pair of gripping members. As in the first patent, the flange is gripped between the knurled roller and the cutting edge; additional traction being furnished by gearing the two together. Without considering whether the claims of the second patent are too broad, it is enough to say that they are, if broad enough to include defendant's device. Conclusion follows that the claims, if valid, are not infringed.

▮ Upon the issue of anticipation and prior use, the testimonial requirement that the defendant must prove this defense with certainty, and beyond all reasonable doubt, has not been met. The witnesses were uncertain and inconsistent in their recollection of dates, and were not corroborated by contemporaneous records. All the surrounding circumstances cast grave doubt upon the reliability of their testimony, and reflect the inevitable infirmities of human recollection in attempting to recall the details of mechanical structure and the time of its existence. Under established practice the proofs are not sufficient, and the defense must be rejected.

▮ Conclusion is: Claim 1 of the first patent is valid and infringed. The second patent is not infringed.

Settle decree accordingly.